## JANUARY TERM, 1851.

### THE KING *vs.* WILLIAM HOWARD.

A person cannot be justified in using a deadly weapon against another, except in an extreme case.

The owner of a house may use such means to eject an intruder, as are reasonable and necessary, first requesting him to depart and affording him a reasonable time to do so.

The accused was arraigned upon an indictment charging him with

assaulting James C. Hadley, in October last, with a sword or cutlass, with intent to murder.

It appeared in evidence that the accused being the owner, and Hadley the captain of the lorcha "Premier," fell into a dispute about an item of ten dollars in the Captain's account, and from words came to blows. That they grappled and fell, the Captain being uppermost, and that upon the retraction of some hard words used by the accused, Hadley let him up and walked to the outer door, where he stood with his back towards Howard. That after standing there a short time, he heard footsteps, and turning, saw Howard rushing upon him with a drawn sword; that the accused struck Hadley three times with the sword or cutlass, and inflicted a severe wound upon his knee, which confined him to the house for several days.

The defence sought to justify the act by showing that, previous to the attack, the accused ordered Hadley to leave his house, which he did not do, and consequently that Howard was authorized in making the assault.

CHIEF JUSTICE LEE charged the jury that the ground insisted upon by the defence was unsound That no man could ever be justified in using a deadly weapon against another except in the most extreme cases. That it was a mistaken opinion that when one man declined leaving another's house the owner was justified in attacking him with a deadly weapon. The rule of law, said the court, is, that before assaulting an intruder, the owner or occupant of the house must request him to leave, and allow him a reasonable time to depart, after which, if he refuse to go out, the owner or occupant may use such means to eject him, as are reasonable and necessary. He can only use deadly weapons in defence of himself and family; and that if they found that Howard assaulted Hadley with the intent to murder him, the accused was guilty under the indictment.

The jury failed to find the intent to murder, and returned a verdict of "not guilty under the indictment."

Mr. Bates, for the Crown.

Mr. Harris, for Howard.